**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHIP E. LEONARD, | No. 13-16382 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-08031-FJM |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

Argued and Submitted October 21, 2015
San Francisco, California

Before: BLACK**, CLIFTON and N.R. SMITH, Circuit Judges.

Chip E. Leonard appeals the district court's order affirming the

administrative law judge's (ALJ) denial of disability benefits. We affirm in part,

and reverse and remand for further proceedings.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Susan H. Black, Senior Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review de novo a district court's order upholding the ALJ's decision." *Hiler v. Astrue*, 687 F.3d 1208, 1211 (9th Cir. 2012).

Leonard asserts the ALJ failed to properly evaluate the credibility of his symptom testimony. The ALJ offered specific, clear, and convincing reasons for rejecting Leonard's testimony regarding the severity of his symptoms, including evidence that Leonard's symptoms improved after his surgeries and the lack of evidence of post-surgery treatment. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (stating that if a claimant has objective medical evidence of an underlying impairment that could reasonably produce the symptoms and there is no evidence of malingering, an ALJ can reject a claimant's testimony about the severity of symptoms only by offering specific, clear, and convincing reasons). We affirm the district court's holding that the ALJ's credibility determination is supported by specific, clear, and convincing reasons.

Leonard also challenges the ALJ's determination of his residual functional capacity (RFC), specifically the ALJ's failure to incorporate a limitation for Leonard's need to make frequent trips to the bathroom. "[A]n RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

"In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including . . . medical records, lay evidence, and 'the effects of symptoms . . . that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (quoting SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996)). Even disregarding Leonard's statements and testimony that the ALJ found overstated the intensity, persistence, and limiting effects of Leonard's symptoms, the state agency physician's RFC assessment supports that Leonard has a need for frequent trips to the bathroom, and Dr. Robert Campbell's February 16, 2009, treatment note states Leonard has about five to seven bowel movements daily.

The district court erred in determining that all of Leonard's limitations were included in the ALJ's RFC finding. In particular, the ALJ's RFC finding includes a limitation that precludes more than occasional use of ladders, ropes, and scaffolds. The Commissioner acknowledges that the reason for, and the symptom that justifies, the ladders, ropes, and scaffolds limitation is Leonard's need for frequent trips to the bathroom. The ALJ did not cite evidence or any other basis to conclude that the limitation included within the RFC finding was sufficient to address Leonard's recognized need. The limitation for Leonard's need for frequent trips to the bathroom may not be fully covered by language that solely limits

Leonard's work on ladders, ropes, and scaffolds. We reverse the district court's determination that this limitation was included in the ALJ's RFC assessment.

Because the ALJ's RFC was defective, the ALJ's use of the medical-vocational guidelines (grids) to determine that Leonard could perform a significant number of jobs was error. The grids did not take into account Leonard's limitation that he would need frequent trips to the bathroom during the day. *See Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999) (explaining that the grids are appropriately used if "they *completely and accurately* represent a claimant's limitations").

It is not "clear from the record that the ALJ would be required to find the claimant disabled." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). The defective RFC and the erroneous use of the grids leave open the question whether Leonard is capable of performing "any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). We therefore remand this case to the district court with directions to remand this case to the Commissioner for proceedings consistent with this memorandum disposition. Each party to bear its own costs.

**AFFIRMED in part, REVERSED and REMANDED in part.**

*Leonard v. Colvin*, 13-16382

N.R. Smith, Circuit Judge, concurring in part and dissenting in part:

The majority affords the ALJ appropriate deference in affirming the ALJ's credibility findings, but substitutes its own judgment for the ALJ in deciding Leonard's RFC and whether the Medical-Vocational Guidelines (grids) are applicable. I dissent because the ALJ's decision with regard to the latter two issues is supported by substantial evidence.

We must affirm an ALJ's factual findings if they are supported by substantial evidence and free of legal error. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). The substantial evidence "standard is 'extremely deferential' and a reviewing court must uphold the agency's findings 'unless the evidence presented would *compel* a reasonable finder of fact to reach a contrary result.'" *Gebhart v. Sec. & Exch. Comm'n*, 595 F.3d 1034, 1043 (9th Cir. 2010) (quoting *Monjaraz-Munoz v. INS*, 327 F.3d 892, 895 (9th Cir.), *amended by* 339 F.3d 1012 (9th Cir. 2003)). "If the evidence is susceptible to more than one rational interpretation, we may not substitute our judgment for that of the agency." *Id.*

1.     To establish a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including descriptions and observations of the

-1-

claimant's limitations that are not severe. 20 C.F.R. § 404.1545(a)(3). The ALJ considered the relevant evidence and determined Leonard's impairments were adequately represented by an RFC for light work with postural limitations that preclude "more than occasional use of ladders, ropes and scaffolds." The ALJ supported her finding with direct references to medical evidence in the record. Specifically, the ALJ noted that Leonard had received surgery, the surgery was successful, and after the surgery Leonard's bowel movements were reduced to five to seven per day and he was able to defer them for at least ten minutes. The ALJ also noted that Leonard's medical records showed his condition was improving after surgery and that none of Leonard's doctors had placed restrictions on his physical activities. Finally, the ALJ based the RFC on an RFC assessment conducted by one doctor and affirmed by another, after each had reviewed Leonard's medical records.

The majority asserts the ALJ erred by not including in the RFC Leonard's need to make frequent bathroom trips. However, the ALJ found Leonard's claims regarding the severity of his urges to use the bathroom not credible, and the majority held the ALJ's credibility finding was supported by substantial evidence. Thus, the ALJ was not required to accept as true Leonard's claims about the severity of his impairments in establishing an RFC. The record contains no medical

evidence that would compel us to reject the ALJ's RFC in favor of one that provided additional limitations for Leonard's alleged impairments.

2.      The ALJ's use of the grids was not legal error and was supported by substantial evidence. To determine whether a claimant can perform work that exists in "significant numbers in the national economy," an ALJ may either (1) call a vocational expert (VE) to testify as to the claimant's qualifications for various jobs or (2) use the grids. *Tackett*, 180 F.3d at 1100 (internal quotation marks omitted). In either situation, the ALJ must rely on the RFC for the determination. The grids are only inappropriate if they cannot account for the limitations in the RFC, such that the claimant cannot "perform the *full range* of jobs in a given category." *Id.* at 1101. "[T]he fact that a non-exertional limitation is alleged does not automatically preclude application of the grids. The ALJ should first determine if a claimant's non-exertional limitations significantly limit the range of work permitted by his exertional limits." *Id.* at 1102. The ALJ reasonably determined that Leonard's need to use the bathroom would not "significantly limit the range of work permitted by [the RFC]" and properly applied the grids. *Id.*

The majority asserts that the ALJ's use of the grids was inappropriate, because the grids did not account for Leonard's need to use the bathroom frequently. According to the majority, the ALJ admitted Leonard was limited by

-3-

his need to use the bathroom when she included postural limitations in the RFC for that reason. The majority avers these postural limitations were inadequate to account for Leonard's impairment. I disagree. Although the evidence in the record may be "susceptible to more than one rational interpretation," it does support the ALJ's determination that Leonard only required postural limitations precluding use of areas that are hard to access. Thus, the majority errs by "substitut[ing its] judgment for that of the [ALJ]." *See Gebhart*, 595 F.3d at 1043.